UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HOWARD,

    Plaintiff,

v.                                                                  CASE NO. 15-11901

UNITED STATES OF AMERICA,                    PAUL D. BORMAN
                                                         UNITED STATES DISTRICT JUDGE

    Defendant.
_____/

## ORDER SUMMARILY DISMISSING
## THE COMPLAINT UNDER 28 U.S.C. § 1915(g)

### I. Introduction

This matter has come before the Court on plaintiff Larry Howard's *pro se* complaint against the United States of America. Plaintiff is a state prisoner at Baraga Maximum Correctional Facility in Baraga, Michigan. His complaint appears to allege that retired Chief Judge Nicholas J. Lambros of Michigan's 50th Judicial Circuit Court and his son James P. Lambros, who is the current Chief Judge of the 50th Judicial Circuit Court, have conspired to dismiss Plaintiff's lawsuits or to prevent him from filing lawsuits and have denied his motions for injunctions and temporary restraining orders. The complaint also appears to allege that, while confined at a different prison, Plaintiff was not allowed to use the prison law library or to take advantage of medical benefits. Additionally, Plaintiff alleges that, on November 4, 2013, he was found guilty of two of the four charges against him in the 50th Judicial Circuit Court, and, on January 30, 2014,

Judge James P. Lambros dismissed Plaintiff's complaint for a writ of mandamus on the basis that the Michigan Court of Claims had jurisdiction over his lawsuit.

Plaintiff claims that he sought to bring this complaint in the Western District of Michigan, but United States District Judge Gordon J. Quist ruled that Plaintiff could not proceed unless he used the proper form. Plaintiff now seeks to have this Court accept his complaint.

## II. Analysis

### A. 28 U.S.C. § 1915(g)

Plaintiff did not prepay the filing fee for this action, nor apply for leave to proceed without prepayment of fees and costs. A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). However,

> a special "three strikes" provision [of § 1915] prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting 28 U.S.C. § 1915(g)). An exception to the "three strikes" rule of § 1915(g) exists when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F.

2

App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Ritter v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

A review of Plaintiff's litigation history in federal court reveals that three of his previous cases were dismissed as frivolous or for failure to state a claim. *See Howard v. Horton, et al.*, No. 2:14-cv-00127 (W.D. Mich. July 15, 2014); *Howard v. United States*, No. 2:13-cv-00340 (W.D. Mich. Feb. 28, 2014); *Howard v. Michigan Dep't of Corr.*, No. 2:11-cv-12630 (E.D. Mich. Aug. 9, 2011). In two other cases, Plaintiff was denied leave to proceed *in forma pauperis* after being informed that he has three "strikes" under 28 U.S.C. § 1915(g). *See Howard v. Woods, et al.*, No. 2:14-cv-00126 (W.D. Mich. Oct. 23, 2014); *Howard v. Horton*, No. 2:14-cv-00182 (W.D. Mich. Oct. 1, 2014).

As a result of Plaintiff's prior "strikes," he may not proceed without prepayment of the filing fee in this action unless he was in "imminent danger of serious physical injury" when he filed his complaint. He has not alleged that he was in imminent danger, and nothing in the complaint suggests that he was facing a real and proximate threat of serious physical injury at the time. Therefore, Plaintiff does not fall within the exception to § 1915(g).

### B.  Titling the Complaint a Criminal Complaint

Plaintiff appears to have attempted to bypass the requirements of §1915(g) by labeling his complaint a criminal complaint under 18 U.S.C. § 242 (deprivation of rights under color of law) and 18 U.S.C. § 246 (deprivation of relief benefits).  These are criminal statutes, however, and Plaintiff has no authority to bring a criminal action under §§ 242 and 246.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "a private citizen has no authority to initiate a federal criminal prosecution" and that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)"); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D. N.Y. 1985) (noting that there is no private right of action under § 242 and that the other provisions of Title 18, including § 246, did not secure rights for the plaintiff, as "[h]e can neither sue directly under them, nor can he use them as a predicate for a section 1983 action"); *accord Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-309 (6th Cir. 2004) (stating that the plaintiff, a private citizen suing under 28 U.S.C. §§ 241-242 and other statutes, possessed no private right of action against the defendants for alleged violations of those statutes and that, as a private citizen, the plaintiff had no authority to initiate a federal criminal prosecution against the defendants for their allegedly unlawful acts); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating that the plaintiff, a convicted felon, had no private right of action under 18 U.S.C. §§ 241 and 242).

Furthermore, a frequent filer in federal court may not "attempt to circumvent § 1915(g) through creative titling of his pleadings," *Jones v. Norman*, No. 4:12CV2102 TCM, 2012 WL 6216893, at *1 (E.D. Mo. Dec. 13, 2012), or by captioning his pleading as something other than it really is. *Banks v. Pugh*, No. 4:13CV2439, 2014 WL 2442250, at *3 (N.D. Ohio May 30, 2014). For these reasons, the Court believes § 1915(g) applies here and that the Clerk of the Court properly filed Plaintiff's complaint as a civil complaint.

### III. Conclusion

Plaintiff may not proceed without prepayment of the fees and costs for this action, and because he did not prepay the filing fee for this action, his complaint is summarily dismissed without prejudice under 28 U.S.C. § 1915(g). The Court further orders that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 13, 2015.

s/Deborah Tofil
Deborah Tofil
Case Manager (313) 234-5122