UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LARRY HOWARD,

        Plaintiff,

v.                                                    CASE NO. 15-11901

UNITED STATES OF AMERICA,                             PAUL D. BORMAN
                                                      UNITED STATES DISTRICT JUDGE

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND FOR PERMISSION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 4)

### I.  Introduction

Plaintiff Larry Howard is a state prisoner at Baraga Maximum Correctional Facility in Baraga, Michigan.  On May 15, 2015, Plaintiff commenced this action by filing a *pro se* complaint against the United States of America.  Plaintiff did not pay a filing fee, and he labeled his complaint a "Criminal Complaint for Action under 18 § 242 (U.S.C.A.) and 18 § 246."

Plaintiff appeared to allege in his complaint that retired Chief Judge Nicholas J. Lambros of Michigan's 50th Judicial Circuit Court conspired with his son, Judge James P. Lambros of the 50th Judicial Circuit Court, to dismiss Plaintiff's lawsuits in state court.  Plaintiff also alleged that, on November 4, 2013, he was found guilty of two charges in the 50th Judicial Circuit Court, and that, on January 30, 2014, Judge James P.

Lambros dismissed Plaintiff's complaint for a writ of mandamus on the ground that the Court of Claims had jurisdiction over his lawsuit.

On July 13, 2015, the Court entered an order denying Plaintiff permission to proceed with his case *in forma pauperis*. In the same order, the Court summarily dismissed his complaint under the "three strikes" provision of 28 U.S.C. § 1915(g) because three of Plaintiff's prior complaints were dismissed as frivolous or for failure to state a claim.[1] Now pending before the Court is Plaintiff's motion for reconsideration of the Court's order dismissing his complaint. The motion also seeks permission to proceed *in forma pauperis* in this action.

## II. Discussion

This District's Local Rules provide that,

> [g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3) (E.D. Mich. July 1, 2013).

---

[1] The "three strikes" provision of 28 U.S.C. § 1915 states that a prisoner may not proceed *in forma pauperis* in a federal civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). An exception exists if "the prisoner is under imminent danger of serious physical injury." *Id*.

According to Plaintiff, the Court mistakenly assumed in its order of dismissal that he was trying to evade the "three strikes" rule by filing his complaint under 18 U.S.C. §§ 241, 242, and 246.  Plaintiff asserts that there is no credible proof of that, but he does not deny that he was attempting to circumvent the "three strikes" rule by filing a document purporting to be a criminal complaint.

Plaintiff also argues that he is under imminent danger of serious physical injury. However, the "imminent danger" exception to § 1915(g) must exist when the complaint was filed, *Vandiver v Prison Health Servs., Inc.,* 727 F.3d 580, 585 (6th Cir. 2013), and Plaintiff failed to demonstrate in his complaint that he was in imminent danger of serious physical injury.  Therefore, Plaintiff does not fall within the exception to § 1915(g).

Furthermore, Plaintiff has no authority to bring a criminal action under 18 U.S.C. §§ 241-42 and 246.  *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "a private citizen has no authority to initiate a federal criminal prosecution" and that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242 (the criminal analogue of 42 U.S.C. § 1983)"); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 n.1 (S.D. N.Y. 1985) (noting that there is no private right of action under § 242 and that the other provisions of Title 18, including § 246, did not secure rights for the plaintiff, as "[h]e can neither sue directly under them, nor can he use them as a predicate for a section 1983 action"); *accord Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-309 (6th Cir. 2004) (stating that the plaintiff, a private citizen suing under 28 U.S.C. §§ 241-242 and other statutes, possessed no private right of action against the defendants for

3

alleged violations of those statutes and that, as a private citizen, the plaintiff had no authority to initiate a federal criminal prosecution against the defendants for their allegedly unlawful acts); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (stating that the plaintiff, a convicted felon, had no private right of action under 18 U.S.C. §§ 241 and 242). Therefore, even if the Court erred by treating Plaintiff's complaint as a civil complaint and by applying § 1915(g) to his case, the case is still subject to dismissal, and correcting the alleged defect would not result in a different disposition of this case. Accordingly, the motion for reconsideration and for permission to proceed *in forma pauperis* (ECF No. 4) is **DENIED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2016.

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122

4